IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

       Plaintiff,                    No. CIV S-08-0661 LKK GGH P

    vs.

R. CLAYTON, et al.,

       Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).   Court records, of which this court takes judicial notice,[1] indicate that plaintiff has filed no less than three civil rights actions which were dismissed for failure to state a claim prior to the filing of this complaint, on March 27, 2008. See, Brownlee v. Barnett, CIV S-00-2666 LKK JFM P, dismissed for failure to state a claim upon which relief may be granted,[2] on August 7, 2001; Brownlee v. Stocker, CIV S-04-0623 MCE DAD P, dismissed for failure to state a cognizable claim for relief, on June 1, 2006[3]; Brownlee v. Van Court, CIV S-06-2804 GEB GGH P, dismissed with prejudice for failure to state claim, on December 11, 2007.

"Under the PLRA,[4] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g).   Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.  2000).   To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The gravamen of the instant complaint appears to be that plaintiff was issued a

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] The dismissal order specifically referenced 28 U.S.C. § 1915(A).

[3] The dismissal was affirmed on appeal.  See Docket Entry # 23, in Case No. CIV S-04-0623, filed on February 28, 2008.

[4] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

chrono on March 23, 2006, stating that he is unable to get down during alarms, evidently due to an undescribed medical condition. Complaint, p. 4. Following a re-evaluation of his disability status, on April 25, 2006, in an updated chrono, the restriction was removed. Id. at 4, 23, 38. On June 26, 2006, on the day he was to go out for an operation on his spine, he was written up for not getting down during an alarm. Id. at 4. Plaintiff contends that his medical condition has not changed and that he is still being ordered to get down (during alarms) which causes him pain and from which he cannot get back up without help. Id. at 4, 7. Plaintiff seeks money damages only.

Although plaintiff's allegations concern a medical condition, plaintiff does not on the face of it, demonstrate that, at the time of filing of his complaint, he was "under imminent danger of serious physical injury," simply because, in his estimation his undefined medical condition has not changed and he suffers discomfort on the occasions when he must get down during alarms. The fact that plaintiff seeks money damages only as a form of relief belies any representation that he might be under imminent danger.

Plaintiff will be directed, within twenty days, to show cause why he should not be barred from proceeding in this action under the three strikes provision of § 1915(g); moreover, he must submit the appropriate affidavit in support of a request to proceed in forma pauperis. Alternatively, he must pay the filing fee in full, within twenty days.

Accordingly, IT IS ORDERED that:

1. Plaintiff, within twenty days, must show cause why he should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in this action, and he must submit the appropriate affidavit in support of a request to proceed in forma pauperis on the form provided by the Clerk of Court;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

3. In the alternative, plaintiff must submit the entire filing fee of $350.00, within twenty days of the date of this order;

1        4. Failure to comply with this order will result in a recommendation that this
2 action be dismissed.
3 DATED: 04/28/08

                                           /s/ Gregory G. Hollows

                                           GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0661.osc