IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,               No. CIV S-08-0661 LKK GGH P

   vs.

R. CLAYTON, et al.,

    Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        In an Order to Show Cause, filed on 4/28/08, the court set forth the following:

> 28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,
>
> > [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

1

> that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

> The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). Court records, of which this court takes judicial notice,[1] indicate that plaintiff has filed no less than three civil rights actions which were dismissed for failure to state a claim prior to the filing of this complaint, on March 27, 2008. See, Brownlee v. Barnett, CIV S-00-2666 LKK JFM P, dismissed for failure to state a claim upon which relief may be granted,[2] on August 7, 2001; Brownlee v. Stocker, CIV S-04-0623 MCE DAD P, dismissed for failure to state a cognizable claim for relief, on June 1, 2006[3]; Brownlee v. Van Court, CIV S-06-2804 GEB GGH P, dismissed with prejudice for failure to state claim, on December 11, 2007.
>
> "Under the PLRA,[4] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Order, filed on 4/28/08, pp. 1-2.

In the order, the undersigned noted that the gravamen of the plaintiff's complaint appeared to be that plaintiff was issued a chrono on March 23, 2006, wherein he stated that he is

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] The dismissal order specifically referenced 28 U.S.C. § 1915(A).

[3] The dismissal was affirmed on appeal. See Docket Entry # 23, in Case No. CIV S-04-0623, filed on February 28, 2008.

[4] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

unable to get down during alarms, evidently due to an undescribed medical condition. Complaint, p. 4. Thereafter, following a re-evaluation of his disability status, on April 25, 2006, in an updated chrono, the restriction was removed. Id. at 4, 23, 38. On June 26, 2006, the day he was to go out for an operation on his spine, he was written up for not getting down during an alarm. Id. at 4. Plaintiff contends that his medical condition has not changed and that he is still being ordered to get down (during alarms) which causes him pain and from which he cannot get back up without help. Id. at 4, 7. Plaintiff seeks money damages only. See Order, filed on 4/28/08, pp. 3-4.

The court observed in the show cause order that although plaintiff's allegations concern a medical condition, plaintiff has not on the face of it, demonstrated that, at the time of filing of his complaint, he was "under imminent danger of serious physical injury," simply because, in his estimation his undefined medical condition had not changed, and that he suffers discomfort on the occasions when he must get down during alarms. The undersigned noted in particular that the fact that plaintiff seeks money damages only as a form of relief belied any representation that he might be under imminent danger. Plaintiff was directed to show cause why he should not be barred by § 1915(g) from proceeding in forma pauperis or, in the alternative, to pay the $350 filing fee.

In his response, plaintiff contends that as a result of another case he has brought, Brownlee v. Murphy, CIV-S-02-214 MCE GGH P, which is proceeding, plaintiff has been undergoing medical treatments and operations which have not stopped his pain, and contends that his continued pain has been an on-going denial of medical treatment. Response, filed on 5/12/08. He states that he has filed a number of complaints related to his requests for medical treatment and that he has suffered an on-going denial of medical treatment for some time. In addition to CIV-S-02-214 MCE GGH P above, plaintiff lists as prior case numbers of cases he

\\\\\

\\\\\

states he has brought regarding medical issues, of which this court takes judicial notice,[5] the following: CIV-S-04-1300 DFL[6]; CIV-S-04-1330 WBS PAN P,[7] CIV-S-06-2680 LKK EFB,[8] CIV-S-04-0623 MCE DAD P.[9] The undersigned notes that in a prior case before the undersigned brought by plaintiff, Brownlee v. Hall, et al., CIV-S-0084 GEB GGH P, which was dismissed as barred by § 1915(g), and has since been dismissed by the Ninth Circuit, plaintiff unsuccessfully sought to "piggyback a litany of complaints" to the one at issue therein to make a showing under the § 1915(g) imminent danger of physical injury exception. See CIV-S-0084 GEB GGH P, Findings and Recommendations, p. 3 filed on 6/24/08.[10]

Plaintiff's response is not persuasive that he should be allowed to proceed under the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Because he has brought prior cases concerning medical claims that he believes have not adequately addressed his needs does not provide a basis for a new case where he simply fails to make a showing that he is subject to imminent serious physical injury. Plaintiff claims he is subject to on-going pain but his focus in bringing this action is not on an allegation of unrelieved pain but on being occasionally compelled to get down for an alarm in spite of his perceived medical infirmity, as well as his disagreement with the denials of administrative appeals concerning this issue. In

---

[5] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[6] The court can find no record of any such case brought by plaintiff.

[7] This case is identified in the court's docket as, Brownlee v. Burleson, et al., CIV-S-04-1330.

[8] This case is denominated Brownlee v. Porter, et al., CIV S-06-2680 LKK EFB P.

[9] This case is entitled Brownlee v. Stocker, et al., CIV-S-04-0623 MCE DAD P. As noted above, this case was among those cases dismissed for failure to state a claim.

[10] Adopted by Order, filed on 8/28/08, and judgment thereon entered. Plaintiff's appeal was dismissed, on 3/03/09, for a failure to respond to an appellate court order. See docket entries # 11, # 12 & #15.

addition, plaintiff asserts that in, or as a result of, a case in which he still proceeds he has been receiving medical treatment and operations, although he complains that all of his cases have not met his needs with regard to pain that he states that he continues to suffer. It is particularly telling that plaintiff seeks no form of injunctive relief; in other words, he does not even ask as a form of relief, in his complaint or in his response to the show cause order, that he be relieved of having to get down for alarms. Plaintiff has failed to meet his burden to show that at the time of filing this complaint, he was ""under imminent danger of serious physical injury." Andrews v. Cervantes, 493 F.3d at 1052-53. Thus, the court finds that plaintiff has not made the requisite showing that he is entitled to proceed in this action in forma pauperis and fails to demonstrate that he is not be barred from doing so by the three-strikes provision of § 1915(g). Plaintiff will be given one further opportunity to pay the filing fee in full.

Accordingly, IT IS ORDERED that plaintiff must, within twenty days, pay the full filing fee of $350 to proceed in this action; failure to do so will result in a recommendation of dismissal of this action as barred under the three strikes provision of 28 U.S.C. § 1915(g).

DATED: March 12, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0661.ord