IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

      Plaintiff,                       No. CIV S-08-0661 LKK GGH P

     vs.

R. CLAYTON, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By an order filed March 13, 2009, plaintiff was ordered to pay the $350.00 filing fee within twenty days and was cautioned that failure to do so would result in a recommendation that this action be dismissed. Instead of providing the filing fee in his March 30, 2009, response, plaintiff revisited the question previously resolved regarding his failure to meet his burden to show that when he filed his complaint he met the "under imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Although plaintiff has failed to comply with the court's order of March 13, 2009, the court finds that he has belatedly provided sufficient information to meet the § 1915(g) three strikes provision's "imminent danger of serious physical injury" exception.

\\\\\

1

The court having found that plaintiff made an adequate showing that at the time of filing his complaint he was "under imminent danger of serious physical injury," the court now finds that plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 2.66 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

\\\\\

1    A complaint must contain more than a "formulaic recitation of the elements of a
2 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
3 speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
4 "The pleading must contain something more...than...a statement of facts that merely creates a
5 suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal
6 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this
7 standard, the court must accept as true the allegations of the complaint in question, <u>Hospital
8 Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light
9 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v.
10 McKeithen</u>, 395 U.S. 411, 421 (1969).

   The complaint states a colorable claim for relief against defendants R. Clayton, P. Sahota, I. Cardeno, M. Dangler pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

   The gravamen of the complaint is that plaintiff was issued a chrono on March 23, 2006, stating that he is unable to get down during alarms, evidently due to a back condition. Complaint, p. 4. Following a re-evaluation of his disability status, on April 25, 2006, in an updated chrono, the restriction was removed. Id. at 4, 23, 38. On June 26, 2006, on the day he was to go out for an operation on his spine, he was written up for not getting down during an alarm. Id. at 4. Plaintiff contends that his medical condition has not changed and that he is still being ordered to get down (during alarms) which causes him pain and from which he cannot get back up without help. Id. at 4, 7. Nevertheless, plaintiff seeks money damages only.

   Although it is puzzling that plaintiff does not seek any form of injunctive relief in spite of his claim that being forced to get down for alarms still causes him pain, as noted above, plaintiff's claims have been found colorable with respect to a claim of inadequate medical care in violation of the Eighth Amendment as to certain defendants. However, plaintiff has not sufficiently alleged cognizable claims as to defendants N. Grannis, Matthew C. Cramer, S.L. Chapman, D. Jackson. Plaintiff apparently seeks to implicate these individuals arising from their

participation in the inmate appeals process and for having failed to respond to inmate appeals he filed with regard to the rescission of the chrono permitting him not to have to "get down" for alarms. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claims against these defendants will be dismissed but plaintiff will be granted leave to amend.

Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; known of the violations and failed

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

In this instance, plaintiff's claims as to these defendants are too insubstantial, and he relies too much on attached exhibits to try to flesh out his allegations. Plaintiff has not set forth facts with regard to any of these defendants sufficient to suggest that they are liable to him

under a ratification theory, and they will be dismissed on that ground as well, but plaintiff will be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 2.66. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\

1        3. Plaintiff's claims against defendants N. Grannis, Matthew C. Cramer, S.L. Chapman, D. Jackson are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

       4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: May 5, 2009

       /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0661.b1