IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,                          No. CIV S-08-0661 LKK GGH P

vs.

R. CLAYTON, et al.,

    Defendants.                  FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to amend and did so, filing a document of 237 pages, mostly exhibits. By separate order, the court has found some of the claims of the June 1, 2009, amended complaint cognizable. However, as to certain of the defendants named therein, plaintiff not only failed to cure the defects of the original complaint, he failed to maintain those claims that had previously been found colorable against some of the defendants, specifically defendant P. Sahota, I. Cardeno, M. Dangler. In addition, plaintiff has failed to frame colorable claims against defendants S.L. Chapman, D. Jackson, J. Nepomuceno, Swingle and T. Roberson.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The gravamen of plaintiff's allegations in this action for money damages is that he was provided inadequate medical care in violation of the Eighth Amendment when his medical re-evaluation led to the rescinding of a medical chrono which had indicated that he was unable to get down during alarms even though his medical condition had not changed warranting such a revision. AC, p. 4. As to defendants Sahota, Cardeno and Dangler, plaintiff does not even name these individuals within the allegations of his amended complaint, and they should be dismissed on that basis.

With regard to defendants Chapman and Jackson, plaintiff alleges only that they are "over the appeal department at High Desert State Prison" and "personally participated in the alleged deprivation...." AC, pp. 6-7. Such overbroad and generic allegations do not frame a colorable claim as plaintiff has been previously informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin

\\\\\

\\\\\

1  v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]

2   Plaintiff was also earlier informed, inter alia, that defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; known of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).  Plaintiff, however, does not frame a claim by simply alleging that defendants Chapman and Jackson "personally participated in the alleged deprivation" without setting forth a factual predicate for such a claim. Nor is it enough to simply cross-reference attached exhibits, expecting the court to undertake the burden of trying to ferret out plaintiff's claims for him.

   Moreover, although plaintiff uses formulaic language to allege personal participation of these defendants in unspecified constitutional deprivations, he appears to be proceeding against them on the basis of vicarious or respondeat superior liability in their capacity as supervisors of HDSP's "appeal department."  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Defendants Chapman and Jackson should be dismissed.  The same applies to defendants Nepomuceno, Swingle and Roberson, against whom plaintiff makes similarly unsupported and generic claims of personal participation in alleged constitutional deprivations without providing the factual basis for them.  AC, p. 7.

      Plaintiff has had ample opportunity to amend his claims.  "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'"  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).   The court will recommend dismissal of the aforementioned defendants.

\\\\\

1       Accordingly, IT IS HEREBY RECOMMENDED that defendants P. Sahota, I. Cardeno, M. Dangler, S.L. Chapman, D. Jackson, J. Nepomuceno, Swingle and T. Roberson be dismissed from this action.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2009

                              /s/ Gregory G. Hollows

                            GREGORY G. HOLLOWS
                            UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0661.fr