IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

        Plaintiff,                      No. CIV S-08-0661 LKK GGH P

   vs.

R. CLAYTON, et al.,

        Defendants.          <u>ORDER</u>

_____/

        By order filed on July 19, 2010, plaintiff was directed to provide additional information on two defendants, Sahota and Kansiner,[1] upon whom process had been returned unserved, directing plaintiff to promptly seek the requisite information and provide it to the court within sixty days. The court also informed plaintiff that should access to the necessary information be denied or unreasonably delayed, plaintiff could seek judicial intervention. By filing dated September 23, 2010, plaintiff seeks judicial intervention, stating that on July 21, 2010, he served four offices with his request for information "pursuant to discovery under California Public Records Act, Calif. Gov't. Code § 6250, et seq.," so that he might serve defendants Kansiner/Kasiner (this time spelled "Kansier" by plaintiff) and Sahota and that he has

---

    [1] Counsel for defendants Stocker and Grannis spell the name as "Kasiner."

1

received no response. See Docket # 43. Plaintiff does not identify the offices served (although his filing indicates he has attached the information as a exhibit); nevertheless, the court will at this time direct defendants' counsel to query the Department of Corrections and Rehabilitation to ascertain the whereabouts of defendants Kansiner/Kasiner and Sahota. If these defendants are still employed with the Department of Corrections or Rehabilitation or any other California state agency, counsel shall provide the business address to plaintiff. If counsel is otherwise informed of the business address of defendants Kansiner/Kasiner and Sahota, counsel shall provide the address to plaintiff. In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business address of these defendants, counsel shall so inform the court. Defendants' counsel shall file and serve the appropriate response within twenty-one days of the filed date of this order.[2]

Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On September 23, 2010, plaintiff filed his third request for the appointment of counsel. Plaintiff's previous requests were filed on April 25, 2008 and January 8, 2010. All requests were denied. In light of those orders, plaintiff's September 23, 2010 request for appointment of counsel will be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for judicial intervention, filed on September 23, 2010 (docket # 43), is granted to the extent set forth above, and defendants' counsel is directed to file and serve the appropriate response, as outlined above, within twenty-one days;

\\\\\

\\\\\

\\\\\

---

[2] There are different means the court could employ to obtain this information, including formal subpoena of CDCR. The undersigned has chosen the method herein based on its efficiency and fairness.

2. Plaintiff's third request for appointment of counsel, filed on September 23, 2010 (docket # 42), is denied.

DATED: October 6, 2010        /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
brow0661.ord