IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRENCE BROWNLEE, | | |
| | Plaintiff, | No. CIV S-08-0661 LKK GGH P |
| vs. | | |
| R. CLAYTON, et al., | | |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In an extremely abbreviated, even skimpy, request for an injunction, filed on November 3, 2010, which the court construes as a request for a preliminary injunction, plaintiff claims that his chronos are not being honored at High Desert State Prison (HDSP) and that he is being ordered to get down during Code One's even though he has physical limitations and has documents which state that he is not to be subject to repetitive bending and stooping. See request, docket # 58, pp. 1-2. Plaintiff refers to an exhibit he has attached to another motion, which although unauthenticated, appears to be a copy of a Comprehensive Accommodation Chrono, dated 5/18/10, wherein under the section entitled "Physical Limitation to Job Assignments," his limitations are set forth as "no lifting > 10 lbs., no prolonged standing > 15 minutes, no bending > 10 minutes."  See docket # 57, p. 9.  Another

1

unauthenticated document, the date of which is not readily apparent, includes "no repetitive bending, stooping or twisting, requires waist chains." Docket # 57, p. 9. Plaintiff claims, generically, that he is not housed appropriately and he gets down and back up with the help of other prisoners and is being further harmed and injured by being made to get down.

The gravamen of plaintiff's underlying second amended complaint is that he is being compelled to get down during alarms despite a spinal injury that limits his ability to do so in violation of the Eighth Amendment. See second amended complaint, docket # 22.[1] Ironically, plaintiff seeks only money damages as relief. What appears to be primarily at issue within the underlying action is the conduct of defendants related to what occurred while plaintiff was at Folsom State Prison, not HDSP, although plaintiff complains of his treatment there as well.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element *Winter* test." Alliance for Wild Rockies v. Cottrell, No. 09-35756, 10855, 10865 (9th Cir. July 28, 2010) "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

---

[1] Some ten parties were dismissed as defendants from this action by Order, filed on May 28, 2010 (docket # 33).

1  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
2  correct the harm." 18 U.S.C. § 3626(a)(2).
3       Plaintiff, as noted, has not sought injunctive relief as part of his underlying action;
4  therefore, he cannot seek to enjoin conduct that relates to the substance of what is at issue in the
5  second amended complaint. That is, plaintiff cannot seek a form of temporary injunctive relief
6  which implicates the gravamen of the underlying action if he has not sought some permanent
7  form of injunctive relief as part of the relief sought within his underlying action. Moreover, the
8  defendants remaining in this action do not appear to be employed at HDSP. The court is, on the
9  face of it, without jurisdiction to order non-parties to comply with any order for preliminary
10 injunctive relief. Finally, the exhibits plaintiff points to as supporting his putative motion for
11 preliminary injunctive relief, simply do not do so, inasmuch that while it is noted in those
12 documents that plaintiff has physical limitations, none of them indicate that he cannot do *any*
13 bending or stooping.
14      Plaintiff improperly seeks a preliminary injunction in the context of the overall
15 relief he seeks by his action, has in any event failed to make a showing of likely and imminent
16 irreparable injury absent an order enjoining the conduct of any defendant; moreover, plaintiff
17 appears to be seeking preliminary injunctive relief at a prison in a case that proceeds against
18 defendants for conduct occurring at another prison.
19      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request for
20 (preliminary) injunctive relief, filed on November 3, 2010 (docket # 58), be denied.
21      These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties. Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
26 shall be served and filed within fourteen days after service of the objections. The parties are

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: November 10, 2010

4                                        /s/ Gregory G. Hollows

5                                        GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE

6

GGH:009
7  brow0661.fr3