IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,   No. CIV S-08-0661 LKK GGH P

vs.

R. CLAYTON, et al.

    Defendants.   <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) defendants Stocker and Grannis' motion to dismiss, pursuant to Fed. R. Civ. 12(b)(6), filed on September 23, 2010, to which plaintiff filed his opposition on October 6, 2010, after which a reply was filed by these defendants on October 14, 2010; plaintiff thereafter filed a response to the reply (or a surreply), on October 25, 2010; 2) plaintiff's motion pursuant to Fed. R. Civ. P. 50, filed on September 29, 2010; 3) plaintiff's motions for a default judgment, filed on October 6, 2010, as to defendant Clayton, and on November 3, 2010, as to defendants Kansier and Sahota; 4) defendants Clayton, Kansier and Sahota's motion to dismiss, pursuant to Rule 12(b)(6), filed on December 13, 2010, to which plaintiff filed an opposition on January 3, 2011, after which these defendants filed their reply, following which plaintiff filed a response or surreply, on January 21, 2011; 5) defendants Clayton, Kansier and Sahota's January 26, 2011, motion to strike plaintiff's January 21, 2011

"surreply" to their motion to dismiss.

In addition, on January 31, 2011, plaintiff filed a notice of appeal of the November 12, 2010, findings and recommendations, wherein the undersigned recommended denial of plaintiff's request for (preliminary) injunctive relief. While he did not expressly seek to appeal the order adopting those findings and recommendations, that order was filed before plaintiff appealed. See Order, filed on January 11, 2011. Although the appeal has processed to the Ninth Circuit, this circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters." Marks v. Clarke, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996), citing Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. F.2d 104, 105 (9th Cir. 1992) ("frivolous or forfeited appeal does not automatically divest the district court of jurisdiction."). See also, U. S. v. Powell, 24 F.3d 28 (9th Cir. 1994); U.S. v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991); U.S. v. Claiborne, 727 F.2d 842 (9th Cir. 1984). This exception appears to be used primarily where the Court of Appeals lacks jurisdiction over the appeal, a fact not apparent here. However, assuming the exception applies to the merit of appeals, and, in this instance while plaintiff's interlocutory appeal, on the face of it, appears to be meritless, this court will not test its jurisdiction while the matter is before the Ninth Circuit. Therefore, all pending motions before this court (among which are several questionable motions brought by plaintiff) will be vacated subject to being re-noticed by the undersigned upon resolution of the pending appeal.

Accordingly, IT IS ORDERED that the following are VACATED from this court's calendar, subject to being re-noticed by the court following the resolution of plaintiff's interlocutory appeal:

1. Plaintiff's motion pursuant to Fed. R. Civ. P. 50, filed on September 29, 2010 (docket # 45);

2. Plaintiff's motions for default judgment, filed on October 6, 2010 (docket # 48), and on November 3, 2010 (docket # 57);

3.  Defendants' January 21, 2011 (docket # 67), motion to strike plaintiff's surreply (docket # 66) to defendants' reply (docket # 64);

4.  The motion to dismiss, filed on September 23, 2010 (docket # 41), on behalf of defendants Stocker and Grannis;

5.  The motion to dismiss, filed on December 13, 2010 (docket # 61), on behalf of defendants Clayton, Kansier and Sahota.

DATED: May 9, 2011 /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0661.ord