IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

      Plaintiff,                    No. 2:08-cv-0661 LKK GGH P

   vs.

R. CLAYTON, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff asks this court, by a motion, filed on June 18, 2012, for a temporary restraining order/preliminary injunctive relief to enjoin an individual identified as P.A. Miranda from taking his cane and ADA vest. Motion, p. 1. Plaintiff claims that Miranda requested plaintiff's claim and vest on May 1, 2012, thereby disregarding plaintiff's permanently damaged lumbar spinal nerves. Id. He alleges that provisions of the Americans with Disabilities Act are being denied with this request and that Miranda is not a spinal doctor and does not know the nature of plaintiff's injury. Id, at 1-2. Plaintiff claims that a number of his 602 appeals have gone missing and refers to a June 4, 2008, chrono indicating that plaintiff is "unable to get down during alarms." Id., at 2.

\\\\\

1

1  The gravamen of plaintiff's underlying second amended complaint is that he is
2  being compelled to get down during alarms despite a spinal injury that limits his ability to do so
3  in violation of the Eighth Amendment. See Second Amended Complaint, docket # 22. As this
4  court has previously noted in denying an earlier request for preliminary injunctive relief by
5  plaintiff, plaintiff seeks only money damages as relief by this action. See Findings and
6  Recommendations, filed on November 12, 2010, adopted by Order, filed on January 11, 2011.
7  This action now proceeds only as to three defendants, "Clayton, Kansier and Sahota solely on
8  plaintiff's claim that they were deliberately indifferent to plaintiff's serious medical condition
9  when the chrono restriction indicating that plaintiff was not to have to get down during alarms
10 was removed." See Order, filed on March 29, 2012. Therefore, what remains at issue within the
11 underlying action is the conduct of these three defendants related to what occurred while plaintiff
12 was at Folsom State Prison. Non-party P.A. Miranda is evidently employed, however, at High
13 Desert State Prison (HDSP), where plaintiff is currently housed.

14 Temporary Restraining Order / Preliminary Injunction Legal Standards

15  In order to acquire temporary or preliminary injunctive relief in an action, the
16 alleged misdeeds must relate to the allegations of the complaint, and must not seek relief against
17 non-parties to the action. In addition, plaintiff must have sought injunctive relief in the
18 complaint in the first place. "[T]he purpose and effect of the injunction is to provide security for
19 performance of a future order which may be entered by the court." De Beers Consolidated
20 Mines, Ltd. v. United States, 325 U.S. 212, 219-220, 65 S.Ct. 1130 (1945). "Thus, a party
21 moving for a preliminary injunction must necessarily establish a relationship between the injury
22 claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington,
23 42 F.3d 470, 471 (8th Cir.1994) (affirming district court's order denying without hearing
24 plaintiff's motion for preliminary injunction on the ground that it had "nothing to do with
25 preserving the district court's decision-making power over the merits of [plaintiff's] 42 U.S.C. §
26 1983 lawsuit") (citation omitted); cf., State of New York v. United States Metals Refining Co.,

1  771 F.2d 796, 801 (3rd Cir. 1985) (affirming district court's order granting preliminary
2  injunction because relief requested was also available to the court pursuant to final judgment,
3  making the distinction that "this is not a case where the preliminary injunction 'deals with a
4  matter lying wholly outside the issues in the suit,' De Beers, 325 U.S. at 200 []"). Rule 65,
5  Federal Rules of Civil Procedure, governing requests for injunctive relief, underscores this
6  relevance requirement, pursuant to provisions allowing the hearing on preliminary injunction to
7  be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate,
8  and making evidence received at the hearing on preliminary injunction admissible at trial. None
9  of these provisions would make sense if disputes outside the complaint, and on which no trial
10 will be had, could be considered as proceedings for injunctive relief.

In addition, absent some substantial relationship of a non-party to the parties in a complaint (which is absent here), the court has no authority to enjoin non-parties. Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1984).

Plaintiff, as he has been previously informed,[1] has not sought injunctive relief as part of his underlying action; therefore, he cannot seek to enjoin conduct that relates (even tangentially in this instance) to the substance of what remains at issue in the second amended complaint. That is, as has been explained to plaintiff before, he cannot seek a form of temporary injunctive relief which implicates the gravamen of the underlying action if he has not sought some permanent form of injunctive relief as part of the relief sought within his underlying action. Moreover, P.A. Miranda is not a defendant and the defendants remaining in this action are not employed at HDSP. The court is once again, on the face of it, without jurisdiction to order non-parties to comply with any order for preliminary injunctive relief. If plaintiff believes his constitutional rights are being violated by the request for his cane and ADA vest by P.A. Miranda at HDSP, he may seek to file another action and, in doing so, may wish to seek permanent

---

[1] See Findings and Recommendations, filed on November 12, 2010, adopted on January 11, 2011.

injunctive relief as a form of relief and not simply money damages.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order/preliminary injunctive relief, filed on June 18, 2012 (docket # 88), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2012

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0661.fr4